PER CURIAM.
Appellants, Stanley Ralph Sparks, John Clarence Clark and Ellis Mashburn, were convicted in the Cherokee County Court,[1] *11 where they were represented by counsel employed by them. They were each charged, by affidavits, with violating Regulations Numbered 43A(3) and 40E of the Department Of Conservation And Natural Resources, duly promulgated by the Commissioner of said Department, on October 1, 1975. By agreement the six cases were consolidated and appealed directly to this Court, and submitted on brief of appellee.
Appellants contend that the trial court erred in overruling their motions to dismiss the cases against them on the grounds that the regulations they were charged with violating were made in violation of Article 4, Section 104, Subsection 14 of the Constitution of Alabama of 1901, which reads as follows:
“Sec. 104. The legislature shall not pass a special, private, or local law in any of the following cases: . . . (14)
Fixing the punishment of crime.”
Regulation No. 43A(3) reads as follows:
“(3) It shall be unlawful to use nets of any type for commercial fishing purposes in all impounded public waters of Alabama in which Morone saxatilis, commonly known as saltwater striped bass, have been stocked. Nothing in this regulation shall be construed so as to preclude the lawful use of set lines, trot lines, or snag lines for the taking, killing or catching of commercial or non-game fish from said waters. The following lakes have been stocked: Lake Martin; Lake Jordan; Lake Mitchell; Lay Lake; Jones Bluff; Logan Martin; Neeley Henry and Weiss Lake. The penalty for violating this regulation is provided for by Title 8, Section 81(28), of the Code of Alabama 1940, as amended.”
Regulation 40E reads as follows:
“40. PROHIBITED METHODS OF TAKING FISH. It shall be unlawful:
. E. To remove or attempt to remove fish from any hoop net, gill net, fyke net, trammel net, slat trap or slat basket, or to move, set or reset any of the said fishing gear listed in this regulation between the hours of sunset and sunrise.”
Under the decision of Judge Harris in the case of John Sanders and Bernard Ray Tanner v. State, 53 Ala.App. 534, 302 So.2d 117, and Judge Tyson, in the case of Wayne Cassell, alias v. State, 55 Ala.App. 502, 317 So.2d 348, and the authorities cited therein, we hold that the legislature has the constitutional right to provide for the creation of administrative boards and commissions with authority to enact regulations and change them from time to time, and that a violation of them will be a criminal offense.
We hold that Regulation 43A(3) and 40E are not special, private or local regulations, and therefore are not prohibited by Article 4, Section 104, Subsection 14 of the Constitution of Alabama of 1901.
Appellant Sparks being tried by the Judge of Cherokee County Court, without a jury, complains that the trial court erred in denying his motion to exclude the evidence in his cases because there was no evidence before the court to connect him with the alleged offense. We have carefully reviewed the entire record before us and from such review we hold that there was sufficient evidence in both cases against Sparks to sustain the judgment against him for violating Regulation 43A(3) and 40E.
Appellants, John Clarence Clark and Ellis Mashburn, being present with their Attorney asked the court to allow them to enter pleas of guilty to the charges against them.
It appears from the record before us that the Court, after fully informing appellants, Clark and Mashburn, of all their constitutional rights, with their Attorney present, and also their right to either appeal to this Court or to the Circuit Court of Cherokee County and have a jury trial there, and their rights in the Circuit Court, and concluding that they understood the nature of the charges against them, and their rights, and the consequences of entering a plea of guilty to the charges against them, they intelligently waived their constitutional rights, and understandingly entered a plea of guilty. They were found *12 guilty on their pleas, and duly sentenced to pay a fine.
We have examined carefully the entire record before us and find from such examination that there are no errors in the record prejudicial to the appellants.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur, except CATES, P. J., not sitting.

. There was a fine and cost assessed against each defendant.